[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE CROSS-CLAIM
The State of Connecticut (plaintiff) has filed this action against Weyerhaeuser Company (Weyerhaeuser); Georgia-Pacific Corporation (Georgia); and Robert McGriff (McGriff) (cross-claimants), among others. Each of those three has now filed one or more cross-claims. The cross claim defendants (hereinafter defendants) move to strike various counts of the cross-claims.
All the parties to these cross-claim actions are "commercial parties." Counts third through sixth are product liability claims.
The plaintiff, State of Connecticut, has commenced this action to recover damages which allegedly resulted from the structural failure of state buildings in Enfield, Connecticut. The state has sued the architect who designed the prison, the general contractor, lumber companies, chemical companies, wood treaters and various product distributors.
I. Re Weyerhaeuser v. Vigoro
The defendants, Kaiser Agricultural Chemicals, Inc. and Kaiser-Estech, a division of Vigoro Industries, Inc. (collectively Vigoro), move to strike counts three, four, five and six of the July 9, 1990, cross-complaint filed by Weyerhaeuser. In those four counts Weyerhaeuser alleges that CT Page 9931 Vigoro was negligent in three ways.
The state's original complaint in this action was filed on September 27, 1988. On August 29, 1989, one of the defendants, Hoover Treated Wood Products, Inc. (Hoover), impleaded several other parties into the action, including Vigoro. On December 13, 1989, the state filed a second amended complaint in which it added Vigoro as an additional defendant. On July 9, 1990, Weyerhaeuser filed a cross-claim against, among others, Vigoro.
In counts three and five of that cross-claim Weyerhaeuser alleges that Vigoro is liable to Weyerhaeuser under the theory of common law indemnification.
Simply stated, Vigoro sold DPPS to Hoover. Hoover used DPPS to make a product called Pro-Tex. Hoover then applied Pro-Tex to certain wood products for Weyerhaeuser. Weyerhaeuser then sold those wood products, though agents, etc., to the state.
A. Third and Fifth Counts
Defendant argues that the third and fifth counts are actions under our product liability statute and the claimed indemnification cannot be had in such an action "when [1] all potentially responsible parties are before the court in a single action and, additionally, [2] that indemnity cannot be sought from a party who does not have a legal relationship with [defendant]." All such parties are before the court.
"[The common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages and contribution . . .". Kyrtatos v. Stop Shop Inc., 205 Conn. 694,699. Third and Fifth counts must be stricken.
B. Fourth and Sixth Counts
In the fourth and sixth counts Weyerhaeuser alleges that Vigoro produced a particular polyphosphate solution (DPPS), which was allegedly used in the manufacture of certain fire retardant substances; that Vigoro impliedly warranted that it was of merchantable quality and fit for its intended purpose.[1]
and that Vigoro breached that implied warranty to the detriment of Weyerhaeuser. Because those two counts are based on breach of warranty they are encompassed by the products liability act, C.G.S. 52a-572m(b) and 52a-572n(a), except as to "commercial loss caused by a product" for which an action may be brought under C.G.S. title 42a, the "Uniform Commercial. CT Page 9932 Code." The statutes in question in the instant matter are C.G.S. 42a-314 and 315.
Our practice book requires that any claim "in a cross complaint . . . grounded on a statute . . . shall [identify] the statute . . . by its number." P.B. 109A. Weyerhaeuser: has not done that.[2] ever, no party has raised this issue and it is easily amended and thus the court will, for the purposes of this memorandum, ignore it.
Implied Warranty of Merchantability
In order to state a claim for breach of the implied warranty of merchantability, a party must plead that: 1) a merchant sold the goods; 2) the goods were defective and not merchantable at the time of sale; 3) injury occurred to the buyer or his property;[4]) the injury was caused by the merchant's defective product; and 5) notice was given to the seller of the claimed breach. Standard Structural Steel v. Bethlehem Steel Corp., 597 F. Sup. 164, 187 (1984) (citing J. White, R. Summers Uniform Commercial Code, (2nd Ed. 1980 at 343) In addition the claim must allege the identity of the person responsible for the defect. Number 4 requires factual allegations of causation, Blevins v. Cushman Motors,551 S.W.2d 602, 608 (Mo. 1977). Where the allegations clearly assert that the formula of which DPPS is a part is unknown and the allegations do not state facts that DPPS, in whatever form is the cause of the injury, proximate cause has not been alleged.
Weyerhaeuser has alleged that a merchant sold the goods (paragraph 11 of cross-claims, Fourth Count) and that Vigoro breached a warranty of merchantability. It does not allege enough.[3]
Motion to strike Third, Fourth, Fifth and Sixth Counts is granted.
N. O'NEILL, J.